N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-52-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LINWOOD NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

On August 10, 2012, pursuant to a plea agreement [D.E. 71], Linwood Nelson ("Nelson") pleaded guilty to conspiracy to possess with the intent to distribute and distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841 and 846. See [D.E. 69, 71]. On January 29, 2013, the court held Nelson's sentencing hearing. See [D.E. 110, 112]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Nelson's total offense level to be 23, his criminal history category to be IV, and his advisory guideline range to be 70–87 months. See [D.E. 113]. Pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court then granted the government's motion for a downward departure. See id.; [D.E. 104]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Nelson to 60 months' imprisonment. See [D.E. 112]. Nelson did not appeal.

On October 9, 2015, Nelson filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 145]. Nelson's new advisory guideline range is 57–71 months' imprisonment based on a total offense level of 21 and a criminal history category of IV. See Resentencing Report. Nelson requests a 49-month sentence. See id.; [D.E. 145] 2.

The court has discretion to reduce Nelson's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Nelson's sentence, the court finds that Nelson engaged in a serious conspiracy to possess with intent to distribute heroin. See Presentence Investigation Report ("PSR") [D.E. 107] ¶¶ 13–22. Furthermore, Nelson's criminal history includes multiple felony drug convictions, convictions for obtaining property by false pretenses, and an assault on a female conviction. See id. ¶¶ 24–33. Moreover, while incarcerated on his federal sentence, Nelson was expelled from the Residential Drug Abuse Program. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Nelson has engaged in some positive behavior while incarcerated on his federal sentence. See Resentencing Report; [D.E. 145].

Having reviewed the entire record and all relevant policy statements, the court finds that Nelson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Nelson's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Nelson's serious criminal conduct and criminal history do not support reducing Nelson's sentence. Thus, the court denies Nelson's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Nelson's motion for reduction of sentence [D.E. 145] is DENIED.

2

Case 7:12-cr-00052-D   Document 146   Filed 06/29/16   Page 2 of 3

SO ORDERED. This 29 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

3